Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Southern District of Nevada

Las Vegas Division

| | |
|---|---|
| FILED | RECEIVED |
| ENTERED | SERVED ON |
| | COUNSEL/PARTIES OF RECORD |
| JUN - 9 2022 | |
| CLERK US DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| BY: | DEPUTY |

Dyana A. St John

Plaintiff(s)

*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Las Palmas Homeowners Assoc

Defendant(s)

*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:22-cv-00928-RFB-BNW

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if
needed.

| | |
|---|---|
| Name | Dyana A. St John |
| Street Address | 1956 Las Palmas Ln #136 |
| City and County | Laughlin, Clark County |
| State and Zip Code | NV 89029 |
| Telephone Number | (310) 463-2233 |
| E-mail Address | earthangel144@outlook.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an
individual, a government agency, an organization, or a corporation. For an individual defendant,
include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

Name                          *Las Palmas Homeowners Assoc.*

Job or Title *(if known)*      *CDM Management*

Street Address                *3650 So. Pointe Cir. Suite 201*

City and County               *Laughlin, Clark County*

State and Zip Code            *NV 89029*

Telephone Number              *(702) 298-5592*

E-mail Address *(if known)*    *cdmdebbie@earthlink.net*


Defendant No. 2

Name                          *CDM Management*

Job or Title *(if known)*      *Deborah Markham, Manager*

Street Address                *3650 So. Pointe Cir. Suite 201*

City and County               *Laughlin  Clark County*

State and Zip Code            *Nevada  89029*

Telephone Number              *(702) 298-5592*

E-mail Address *(if known)*    *cdmdebbie@earthlink.net*


Defendant No. 3

Name                          _____

Job or Title *(if known)*      _____

Street Address                _____

City and County               _____

State and Zip Code            _____

Telephone Number              _____

E-mail Address *(if known)*    _____


Defendant No. 4

Name                          _____

Job or Title *(if known)*      _____

Street Address                _____

City and County               _____

State and Zip Code            _____

Telephone Number              _____

E-mail Address *(if known)*    _____

**II.      Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question              ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.      If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

*42 USC Fair Housing Act, 3601, 38 USC Ch 21 24CFR 100.400*

**B.      If the Basis for Jurisdiction Is Diversity of Citizenship**

1.      The Plaintiff(s)

a.      If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.      If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.      The Defendant(s)

a.      If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

    b.    If the defendant is a corporation

The defendant, *(name)* Las Palmas HOA , is incorporated under

the laws of the State of *(name)* Nevada , and has its

principal place of business in the State of *(name)* Nevada .

Or is incorporated under the laws of *(foreign nation)* ,

and has its principal place of business in *(name)* .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The Las Palmas HOA has filed a lawsuit (Sept 2021) restricting the use of a reasonable accommodation approved by the Board in 2015 from a Dept. of Veterans Affairs Specially Adapted Housing grant. The lawsuit is in state court which has lacked jurisdiction to cause me to restrict the usage of the reasonable accommodation parking space. My motion to extend time to answer was vacated. I have been unrepresented. HUD is working on a housing discrimination complaint. The HOA is

## IV.    Relief the perpetrator of housing discrimination suing the victim. Request for a stay/dismissal of the state court lawsuit.

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Please refer to the attached pages.
I request an injunction dismissing the state court lawsuit due to lack of jurisdiction to hear and cause mediation to restrict the use of a reasonable accommodation parking space and make it available for use by others. The expenses of defending myself and the mental anxiety caused by the HOA retraction of their approval of the accommodation justifies compensatory and punitive damages in accordance with federal laws.

Statement of Claim

1. Las Palmas HOA- The Project is in substantial non-compliance with handicapped access to the common areas and residences. Since 2016 when I occupied my residence, non-existent wheelchair accessibility has required the submission of modification requests that have gone unanswered for as long as five years. Requests have been answered by the filing of housing discrimination complaints on the state level. The Association has been hostile to handicapped members due to being repeatedly singled out as "disabled people" instigators of dues increases at the board meetings. The members were told by the Board the property was built prior to the ADA being enacted in 1992, therefore is not legally obligated to make any changes to accommodate disabled persons. The hostility has been projected verbally on many occasions by members while in passing on the Project.

   This has caused mental and emotional duress individually and collectively by members at the Board meetings who have been told expect dues to rise resulting from handicapped improvements.  Amount: $ 300,000

2. Deborah Markham, Community Manager- The manager has played a key role with repeated handicapped requests being unanswered which causes escalation to a letter of demand. She was the contact person for the Department of Veterans Affairs (VA) Specially Adapted Housing remodel in 2015 of which I was never present and represented by the VA liaison. All approvals were relayed from the Board to her office. Since 2018, after mediation with a state agency to install handicapped access elements, Ms. Markham has initiated violations for the modifications made by the VA. Despite having notification by attorney letter for multiple alleged violations that are subject to the Fair Housing Act the violations continued under threat of a violation, fines, and lawsuit. Outside of jurisdiction, notices of violations, hearings, and hearing rulings have never been received, a denial of due process. Furthermore, the hearings lacked fairness and impartiality due to ongoing handicapped requests requiring intervention either by the state or HUD complaint.

STATEMENT OF CLAIM CONTINUED

**2.CDM Management**

Employees and the Manager have interfered with the exercising of my fair housing rights by limiting the full use of a reasonable accommodation required by the Dept. of Veterans Affairs {VA} under the Fair Housing Act {FHA}. My assigned parking space required temporary posts with chains that protect it from being used by others that interfere with the ingress and egress of my unit. A request in writing to place posts with chains was unanswered and delivered by certified mail on 7/16/2020. The posts with chains occupied the space for fifteen months at the time of the filing of the lawsuit. On 9/7/2021 at 10:08 am, the manager removed the posts from the parking space and placed them at my front door.

On 7/15/2021 a CDM employee removed the posts from the parking space and left them at my front door leaving my parking space open for blockage and unusable.

On 6/15/2021 Deborah Markham had an electrician arrive covertly and removed a safety motion detection porch light that was installed in 2015 by the VA Rep and approved by the Board by the VA contractor. The substituted light was locked in to prevent replacement with the VA light that is rated fpr my disability.

The manager has consistently interfered with reasonable accommodation and modification requests submitted in writing for me or assisting other disabled persons by sending the requests to the HOA attorney Greg Kerr who denied the requests. This practice has been ongoing since 2018 when a housing discrimination mediation by the Nevada Equal Rights Commission {NERC} required wheelchair access to the clubhouse, trash dumpster, and pet waste bag dispenser. The dispenser is empty most of the year despite the requirement it be kept stocked for my use.

The property manager has arrived at my unit to conduct inspections for five years that were given verbal approval acting on behalf of the Board. Despite asking for an approval in writing, the requests for a written document were denied. All approvals became the subject of every violation notice, hearing, and fines imposed by the Board since 2018 when the NERC complaint was initiated. It appears to me as retaliation and harassment even involving her employees, board members, and spouses conducting drive-byes of my unit sometimes as much as 18 times in a four-hour period ongoing for 2 ½ years.

Amount : $ 250,000.00

STATEMENT OF CLAIM CONTINUED

Defendant's  Second Preliminary Injunction- Housing Repairs, Violation of  Association's Master Policy

3.   Defendant's second preliminary injunction in the same lawsuit in state court is regarding the interior of my home that has five areas of repair originating from the upstairs unit of water damage, mold, and water leaks that the Association ignored repairing beginning August 2018.

   The Association opened a claim with the HOA insurance carrier to make repairs. Since the deductible is so high, the five areas would have cost approximately $30,000 in deductible. Rather than assume responsibility to make repairs under the master policy the Association added a second preliminary injunction to cause me to bear the expense of repairing the interior of my unit which has been caused outside of the unit boundaries.

   The VA has awarded a grant to repair the interior but the Association has been uncooperative causing further anxiety added to the first preliminary injunction.

   The Association obtained a Revolving Line of Credit on May 7, 2019 without member approval. My unit is one pf 176 units held as collateral. The mortgage is VA backed and neither the VA or mortgage lender approve of the unit being held as collateral.

4.  Selective Enforcement of the CC&R's- ongoing since 2016, the Association, selectively enforces the CC&R's as to whom the person is and whether or not they have opposed decisions made by the Board without member knowledge or approval. I have experienced six violations of the CC&R's in a two and a half year period for modifications to the exterior made by the Dept. of Veterans Affairs Specially Adapted Housing grant. I have requested a general ledger of violations but the request has been ignored.

Relief

$ 150,000 - Mental and emotional anguish, pain  and suffering for four years of continuous harassment, stalking, humiliation, and bullying by the Association for exercising the rights afforded to me in the governing documents.

               I request the Revolving LOC be closed to release my unit from being held as collateral.

$100,000  Request  injunctive relief terminating the offensive odors (cigarette smoke) prohibiting unit 236 from causing cigarette smoke to be released into the common area that has directly caused the loss of Lavender plants (alternative medicine) on my patio to die, my service animal, signal dog to incur several upper respiratory infections, and causing me headaches, nausea, mental anguish for my service signal dog, and pain and suffering. This practice has continued for 3 ½ years despite constant notifications to the manager of the problem.

Relief:        I request an injunction causing the Association to repair the existing water leak from the exterior, mold originating from the upstairs unit 236, construction defects, and reimburse expenses for the HVAC ducting construction defect cost of $1135.00.

Compensatory Damages:  $100,000

Punitive Damages:        $ 100,000


5. Violation of 24 CFR 100.400- Prohibited interference, coercion, intimidation.

   The Association has made it  practice ongoing for approximately four years to send members of the Board, their spouses, etc. to dismantle my parking space of the required elements that protect it from being used by others. As recent as June 4, 2022, a Board member (VP) arrived at my parking space and was recorded on the security cameras that are affixed to my SUV and dismantled the posts with chains that prevent others from blocking the space with their vehicles, tools, carpet rolls, carpet padding, etc. that block access to the wheelchair ramp that are required to access my unit.

Relief: I request an injunction prohibiting this practice.

Compensatory damages, punitive damages, $50,000

RELIEF CONTINUED

Compensatory Damages are requested due to the willful and malicious intent by all persons to **permanently** deny me the right by seeking a court order restricting the full use of a reasonable accommodation. An order for injunctive relief would adversely affect the ability to sell my home as Specially Adapted Housing.

The verbal discriminatory comments made during the Board meetings intended to incite the members to expect dues to increase as a result of providing handicapped access to the property.

Discriminatory comments made at a Board meeting to the members the property is not a good place to live for disabled people.

The verbal and written comments made by the Board president anyone refusing windows installation will be sued which has included disabled persons who require a higher grade product related to a disability.

The record of violations accumulated against my home will adversely affect the ability to sell my home.

A public record of state and federal court proceedings that may adversely affect the ability to sell my home.

The mental and emotional anguish of being summoned to the court, the costs, expenses, and filing fees incurred resulting from the complete disregard and failure to yield to the Act.

The costs of county building and safety permits to re-install the reasonable modification porch light installed by the VA, removed by the manager, and ignoring the written request to re-install.

The threat to sue for windows and doors replacement upgrade to accommodate disability needs.

The continuous stalking of my home with malicious and willful intent to cause further anxiety, mental and emotional anguish, and humiliation related to the ongoing experiences including the costs of security camera equipment and maintenance. The anxiety and time-consuming process of daily documentation of each incident for a three-year period ongoing.

Amount $ 300,000


Sanctions

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     June 6, 2022

Signature of Plaintiff     *Dyana a. St John*

Printed Name of Plaintiff     *Dyana A St John*

### B.     For Attorneys

Date of signing:     _____

Signature of Attorney     _____

Printed Name of Attorney     _____

Bar Number     _____

Name of Law Firm     _____

Street Address     _____

State and Zip Code     _____

Telephone Number     _____

E-mail Address     _____